Grafton
No. 84-600

### KLEM KAMINSKI

v.

### MORTIMER L. FISCH & a.

December 5, 1985

*Sulloway, Hollis & Soden*, of Laconia (*John P. Chandler* on the brief and orally), for the plaintiff.

*Thomas M. Pancoast*, of Littleton, by brief and orally, for the defendants.

PER CURIAM. The principal issue in this appeal is whether the trial court was correct in granting a nonsuit at the close of the plaintiff's case. We conclude that the trial court erred and, therefore, reverse and remand.

The plaintiff, Klem Kaminski, and the defendants, Mortimer L. Fisch and Adele Fisch, are adjoining landowners. In September 1982, the defendants built a garage on a part of their own property which abutted the plaintiff's property. During construction of the garage, the plaintiff became concerned that the garage, as constructed, would encroach on his property. He notified the builder of his concern and hired a land surveying firm to determine whether there was an encroachment. In a letter dated October 20, 1982, the surveyors notified the plaintiff that "[i]n our opinion, the northwest corner of the newly constructed garage on the Fisch property to your east encroaches three tenths (.3) feet on to your property."

Relying on this, the plaintiff filed actions seeking injunctive relief and damages for trespass. The Trial Court (*Johnson*, J.) issued a pre-trial order directing the appointment of a master to determine the boundary line in dispute and to rule on the issue of estoppel, if appropriate. Following presentation of the plaintiff's evidence, the defendants moved that the action be dismissed and/or for a nonsuit. The Master (*Robert E. Hinchey*, Esq.) thereafter recommended that the defendants' motion for dismissal be granted on the ground that the plaintiff had failed to make out a prima facie case. Further, the master recommended that the defendants be awarded costs and counsel fees because he thought that the suit was frivolous, capricious, and an unwarranted harassment of the defendants. The master's recommendations were approved by the court. A second Master (*Louie C. Elliot*, Esq.) recommended that plaintiff's motion to reconsider and for rehearing be denied and that defendants' cross-motion to dismiss the damages action be granted, and both recommendations were approved by the court.

We are not concerned here with reviewing the master's findings of fact, because he specifically declined to make any such findings. Rather, he simply stated that he was nonsuiting the plaintiff for failure to make out a prima facie case. Although the master had been directed to make factual findings relative to the boundary line between the parties' properties, he chose to dispose of the case at the close of the plaintiff's evidence without ever making any factual findings.

In reviewing his action, therefore, we must determine whether the master's ruling granting the motion for nonsuit was erroneous as a matter of law. *See Claridge v. N.H. Wetlands Bd.*, 125 N.H. 745, 748, 485 A.2d 287, 289 (1984) (citing *Summit Electric, Inc. v. Pepin*

*Brothers Const., Inc.*, 121 N.H. 203, 206, 427 A.2d 505, 507 (1981)). We hold that it was, based on our conclusion that, on the evidence presented, the plaintiff made out a prima facie case.

■ At trial, the plaintiff introduced a letter from a licensed land surveyor stating his opinion that the defendant's garage encroached three-tenths of a foot onto his property. Although during his testimony the land surveyor reserved final opinion because he had not prepared a final plan, he did admit that "[m]y opinion at that particular time when I wrote that letter is that there was an encroachment." In addition, when asked if there was anything that would lead him to believe the opinion letter was not correct, the surveyor answered, "I have nothing at the moment to indicate otherwise." Thus, at the close of the plaintiff's case, there was some evidence from which a reasonable trier of fact could conclude that there was an encroachment.

■■ In view of the result we reach, that the defendant's motion for nonsuit should not have been granted, an award of costs and attorney's fees to them was obviously improper. We note, however, that the master based the award of attorney's fees upon his finding that the plaintiff's action was frivolous, capricious, and unwarranted harassment. Because of this finding, we remand the case to the superior court for a new trial before a judge or a different master.

*Reversed and remanded.*

JOHNSON, J., did not sit.